RICHARD BOWLER AND CATHARINE McGUINNESS, RELATORS, v. WILLIAM P. PERRIN, DRAIN COM'R OF BOWNE TOWNSHIP, AND OSCAR B. BARBER, DRAIN COM'R OF CALEDONIA TOWNSHIP.

*Condemnation proceedings—Juror's oath.*

Proceedings to condemn private property will be quashed if the record does not show that the jurors impaneled to determine the necessity for taking the property and the compensation to be paid for it, took, before acting, an oath covering these constitutional duties. They are not required to recite their oath in their report, and such recital is not sufficient proof of it.

*It seems* that it is not enough for jurors in condemnation proceedings to swear that they will "examine and determine the necessity of locating and constructing a ditch described as follows" etc., as the Constitution requires them to determine the necessity of taking land therefor, and the compensation to be paid for it.

Certiorari.  Submitted Oct. 13.  Proceedings quashed Oct. 26.

*E. A. Maher* for plaintiffs in *certiorari.*

*Maynard & Wanty* for defendants in *certiorari.*

GRAVES, J.  The Constitution provides that when private property is taken for the use or benefit of the public the necessity for using such property and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property.  Article xviii. § 2.  And in *Powers' Appeal* 29 Mich. 504, 510, it was decided that the oath administered to the jurors must be coextensive with the duty prescribed for them by the Constitution and give the measure and limit of their legal action.

According to this record which contains the written oath subscribed by the jurors and filed in the proceedings before they entered upon their duties they were sworn as follows: "You and each of you do solemnly swear that you will well and truly examine and determine the necessity of locating and constructing a ditch described as follows, to-wit:"  Then follows the description together with the jurors' names and the *jurat* of the officer.

It is only necessary to compare this oath with the duty marked out by the Constitution to perceive at once that it fails utterly to comply in substance therewith.

It is indeed true that the jurors in giving their report are made to recite an oath as having been taken, which might perhaps be regarded as substantially sufficient, though we decide nothing on the subject; and it may be contended that this recital rectifies the proceedings.  But this argument is not assented to.  It is not a part of the duty imposed on the jury to incorporate their oath in the report they are required to make under it.  The law implies that they are to be first sworn to qualify them to report at all, and it does not intend to have recourse to their report for proof of the oath.  Until they are sworn they are not in a situation to

report, much less in a situation to certify authoritatively that they have been sworn. Having before us in the record the specific oath which was subscribed and filed we cannot look elsewhere for it nor pay heed to a recital of a different one in the report. As the defect pointed out is vital there is no occasion to examine other objections.

The proceedings must be quashed with costs.

The other Justices concurred.